**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Latifu AFFINI, Defendant–Appellant.**

No. 02–3462.

United States Court of Appeals,
Sixth Circuit.

Dec. 11, 2002.

Before MARTIN, Chief Judge;
DAUGHTREY, Circuit Judge; and
O'MALLEY, District Judge.*

* The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation.

## ORDER

Latifu Affini appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In January 2002, Affini pleaded guilty to theft of property from interstate commerce in violation of 18 U.S.C. §§ 659 and 2. The court sentenced him to a total of 15 months of imprisonment. Affini has filed a timely appeal.

On appeal, Affini's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and he submits the following issue for review: whether the district court erred when it concluded that Affini's offense conduct constituted more than minimal planning and enhanced his offense level under USSG § 2B1.1(b)(4)(A).

Upon review, we conclude that the district court properly determined Affini's offense level. The district court's factual finding that more than minimal planning was involved in the offense is reviewed for clear error. *See United States v. Lutz*, 154 F.3d 581, 590 (6th Cir.1998); *United States v. Ellerbee*, 73 F.3d 105, 107 (6th Cir.1996). "The Sentencing Guidelines set forth three circumstances where enhancement for more than minimal planning is appropriate: (1) cases where more planning occurs than is typical for commission of the offense in a simple form; (2) cases involving significant affirmative steps to conceal; and (3) cases involving repeated acts over a period of time, unless each instance was purely opportune." *Lutz*, 154 F.3d at 590; USSG § 1B1.1, comment. (n.1(f)). The enhancement was applied in Affini's case under the first circumstance, i.e., more planning than is typical for commission of the offense in a simple form.

This court has held that, in such a case, the enhancement "does not require that the offense be committed in its most complicated form ...; rather it just must be something more than the crime in its simplest form." *Ellerbee*, 73 F.3d at 107–08.

The district court properly enhanced Affini's offense level because of the complexity of the scheme. The record reflects that Affini stole the checks that were later cashed in London and Africa. Affini specifically chose to commit the thefts a day or two before his accomplice (Sanni–Thomas) was going to travel abroad, and he would send the checks to Sanni–Thomas by overnight delivery each time. The scheme specifically contemplated that the checks would be cashed overseas, and that they would be cashed prior to any warning that the checks were missing. Moreover, the government noted that Affini had many other opportunities to steal American Express Traveler's Cheques, but that he only acted on those occasions that were a day or two before he knew Sanni–Thomas would be traveling abroad. Hence, the scheme required significant coordination between Affini and Sanni–Thomas. The district court properly applied the enhancement because there was ample evidence to establish that this scheme involved more planning than is typical for commission of a theft offense in a simple form.

In addition, we have reviewed the record and have discovered no error warranting reversal of Affini's conviction or sentence. The record reflects that Affini entered a valid guilty plea. *See North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). During Affini's plea hearing, the district court explained the rights that he was waiving, determined that he understood the indictment to which

he was pleading guilty, explained the potential penalty associated with the guilty plea, and determined that no additional promises had been made to compel Affini to plead guilty. In addition, Affini admitted the facts underlying his offense.

The district court also properly calculated Affini's sentence. Affini's total offense level was 13 and he had a criminal history category score of I. This resulted in a guideline imprisonment range of 12–18 months. Affini's sentence of 15 months of imprisonment was within the applicable guidelines range.

Accordingly, we grant counsel's motion to withdraw and affirm the judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.